IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLIE J. JOHNSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1846-K |
| | § | |
| ALBERTSON'S, INC. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b)(1) and a standing order of reference dated June 5, 2006. For the reasons stated herein, the case should be summarily dismissed on limitations grounds.

I.

Plaintiff Billie J. Johnson, a former employee of Albertson's, Inc., alleges that she injured her wrist and elbow at work on December 16, 2003. After months of medical treatment and a variety of diagnostic tests, plaintiff was diagnosed with carpal tunnel syndrome. In July 2004, plaintiff was terminated by Albertson's for taking food from the deli counter in violation of store policy. Unable to find another full-time job, plaintiff sought benefits under the Texas Worker's Compensation Act, Tex. Lab. Code Ann. § 410.141, *et seq.*, claiming that she could no longer work due to her prior injury.

On March 11, 2005, a contested hearing was held before the Texas Worker's Compensation Commission ("TWCC"). Based on the evidence presented at the hearing and the stipulated facts, the hearing officer determined that plaintiff did not have a disability due to a compensable injury

for any period following her termination.  Plaintiff timely appealed the decision to the TWCC.  The

hearing decision was affirmed by the Appeals Panel on May 20, 2005.  In a letter to plaintiff, the

TWCC advised that:

> If you are not satisfied with this decision and desire to have the
> dispute resolved in court, then you must file suit in the appropriate
> court not later than the FORTIETH (40th) day after the date stamped
> on the decision, and simultaneously file a copy of the petition with
> the APPEALS CLERK, HEARING DIVISION, TEXAS
> WORKERS' COMPENSATION COMMISSION at the address
> shown above, as provided by the Texas Labor Code § 410.253.

On September 16, 2005, plaintiff filed this action seeking judicial review of the final decision

denying her claim for worker's compensation benefits.[1]  Plaintiff also sought and obtained leave to

proceed *in forma pauperis*.  After screening the complaint, the magistrate judge directed the clerk

to issue process to the defendant.  Upon further consideration, the court determines that this case is

barred by the applicable statute of limitations and should be summarily dismissed.[2]

## A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes

that the action:

(1)     is frivolous or malicious;

(2)     fails to state a claim upon which relief can be granted; or

(3)     seeks money relief against a defendant who is immune from
        such relief.

---

[1] Federal jurisdiction is proper because plaintiff and Albertson's, who is a self-insured worker's compensation carrier, are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a)(1).

[2] Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case "at any time" if it determines that the action is frivolous or malicious or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Under Texas law, a party may seek judicial review of a final decision of the TWCC by filing suit "not later than the 40th day after the date on which the decision of the appeals panel was filed with the division." Tex. Labor Code Ann. § 410.252(a) (Vernon 2003).  Some courts have held that the 40-day time limit for filing suit in district court is mandatory and jurisdictional.  *See, e.g. LeBlanc v. Everest National Ins. Co.*, 98 S.W.3d 786, 787-88 (Tex. App.--Corpus Christi 2003, no writ).  Other courts have determined that the 40-day filing requirement is only a limitations period.  *See, e.g. Cervantes v. Tyson Foods, Inc.*, 130 S.W.3d 152, 156 (Tex. App.--El Paso 2004, no writ); *Texas Dep't of Transportation v. Beckner*, 74 S.W.3d 98, 103 (Tex. App.--Waco 2002, no writ).  In either case, this action should be dismissed.  Plaintiff filed her complaint in district court on September 16, 2005--more than 100 days after the Appeals Panel affirmed the hearing decision.  Consequently, plaintiff's claims are time-barred.  *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.

1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  June 12, 2006.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE